IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**AKECHETA MORNINGSTAR, PH.D.**                                                     **PLAINTIFF**

**V.**                                        **NO: 3:22CV005-MPM-JMV**

**AMERICAN INTERNATIONAL GROUP**                                    **DEFENDANT**

## ORDER

This court presently has before it a Report and Recommendation (R&R) from Magistrate Judge Virden, recommending that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a non-frivolous claim over which this court has jurisdiction. In pertinent part, the complaint in this case alleges that:

> (3) On January 18, 2004, Plaintiff Akecheta Morningstar (in a former existence) as a janitor and mental patient, - Audray Johnson. took out a life insurance policy for $300,000 with American International Group.
> (4) At the time, the patient Audray Johnson was taking high doses of lithium Carbonate- a toxic drug. The Defendant was aware of the drugs that he was digesting nightly.
> (5) Eight years passed, and the mental patient Audray Johnson, not being aware of an organized plan to efface him off the earth, left the house one night, confused and delirious.
> (6) He went on an errand that should have lasted no more than 30-40 minutes. However, when the body of Audray Johnson made it back to the house 4 hours later, the body was about 35 pounds lighter in weight and had a noticeable difference in appearance.
> (7) Shortly after being endowed with a new body, the new person became a part time school teacher. . .
> (8) Not knowing that he wasn't Audray Johson, and that Audray was dead, Mr. Morningstar continued to pay life insurance premiums to AIG.
> (9) It was only after a devastating, nightmarish dream in 2017, that Mr. Morningstar figured out that he wasn't legally Audray Johnson, but a born again specimen with all of Audray's life experiences and memory endowed in his brain. So, in that sense, that makes him Audray.
> (10) Roughly, around 2018, mr Morningstar filed a claim for the payout of his death claim, through Audray's daughter- Ashley B. Johnson.
> (11) Finally, in 2020, AIG made their findings that they were not going to pay the claim based upon the only unwarranted argument, that the premium wasn't paid. With the barrage of court documents that was delivered to them, the Defendant didn't contest that Audray was dead. In fact, the premium was paid for about 5 additional years after Audray died. Morningstar replaced Audray in 2013.

> (12) There was one communication that the Plaintiff had with the Defendant's representative. The rep made this odd comment: "We are not going to say anything. You might hold it against us."
> (15) Currently, Akecheta Morningstar is living in the same house that Audray / Andres Johnson purchased in 1999. He has Audray's social Security number and he is taking care Audray's mom, wife, kids, and grandkids.
> (16) It is uncontested that Audray johnson is deceased and was reborn as General Akecheta Morningstar, PH.D.
> (17) The only reason the family couldn't receive a death Certificate from the State of Mississippi is because the State had a Conflict of interest in the case.
> As relief, the Plaintiff "is seeking damages in the amount of $300,000 plus the roughly 5 additional years that I paid the premium after my death" because he "passed the litmus test for to be classified as dead. What JEHOVAH GOD did with the body after the fact is GOD's business."

[Complaint at 3-4].

In recommending dismissal of this case, Judge Virden wrote in her R&R that:

> Here, the court finds, respectfully, that, at best, Plaintiff makes a host of fantastical claims that are clearly frivolous. There is no part of the complaint from which a nonfrivolous claim can be discerned to give rise to jurisdiction in this court. Though, indeed, it is difficult to tell exactly what is being alleged, it appears that the Plaintiff seeks somehow to be paid from a life insurance policy on an individual who may or may not be deceased, by claiming that he is now a "born again specimen" of that person.

[Slip op. at 4]. While this court does not doubt the sincerity of plaintiff's belief that the events described in the complaint actually occurred, it must agree with Judge Virden regarding their "fantastical" and "frivolous" nature. This court notes that, in responding to the R&R, plaintiff has provided an "update" of the events described in the complaint, in which he alleges that he was the "target of a well-planned assassination attempt when he visited Florida this pass [sic.] May and early June." [Docket entry 10 at 1]. While this court is pleased that plaintiff has survived any attempts upon his life, it concludes that any such assassination attempts do not change the frivolous nature of the claims in this case, and it must accordingly be dismissed.

In light of the forgoing, it is hereby ordered that the Magistrate Judge's R&R is adopted as the order of this court. This case is hereby dismissed, and plaintiff's motion to proceed *in forma paupis* is denied. Plaintiff's motion to amend and/or supplement his objections to the R&R [8-1] is granted, and his motion for a status hearing [10-1] is denied.

2

A separate judgment will be entered this date pursuant to Fed. R. Civ. P. 58.

So ordered, this, the 30th day of June, 2022.

                                        /s/Michael P. Mills
                                        UNITED STATES DISTRICT JUDGE
                                        NORTHERN DISTRICT OF MISSISSIPPI